## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLETTE MCCOMB,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0432-17-0265-I-1 |
| 　　v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　Agency. | DATE: July 26, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Joseph D. Ybarra, Esquire, San Antonio, Texas, for the appellant.

Marc Lerch, Biloxi, Mississippi, for the appellant.

James T. Hedgepeth, JBSA Randolph Air Force Base, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed her removal. For the reasons discussed below, we GRANT the petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order and *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2        The appellant held the Information Technology (IT) Specialist (Policy & Planning) position with the agency at Keesler Air Force Base (AFB).  Initial Appeal File (IAF), Tab 5 at 15.  Performance for the appellant's position was measured by four critical elements, and each element had corresponding standards.  *Id.* at 167-68.  As is relevant here, element two, which comprises 30% of her entire performance plan, required the following:

> Performs as plans and policy advisor to functional users of information technology.  Develops and interprets policy for administering IT systems.  Assesses policy needs and reviews, revises, and develops policies to govern IT activities and presents recommendations to higher-level management.  Where necessary, modifies established plans and policies in response to changes in legislation or other directives.  Through feasibility studies, assesses impact of changes on current programs and recommends changes to existing plans to ensure compliance.  This includes long range planning, and involves defining current and future business requirements.  Analyzes IT system development as it relates to the organization and ensures policy and guidance are available for its use, that necessary controls are in place, and systems operate as intended and provide all necessary capabilities.  Develops migration plans for implementation of new technology.  Assesses and identifies training needs that address activities where gaps in competency exist in other current or new technology.  Develops training programs, or locates and recommends sources of training that ensure users can apply the best techniques in using IT.  Provides technical assistance to system users and contractors.  This includes keeping abreast of the latest developments in technology and conducting feasibility studies to evaluate systems performance as it relates to the organization.

*Id.* at 167.  The standards that accompanied this element include the following: (a) routinely maintains effective relationships with functional users; (b) with few exceptions, accurately evaluates status of policy and reviews, revises, and

develops necessary policy; and (c) almost always provides effective technical advice, assistance, and training to customers on changing technology. *Id.* at 168.

¶3    On April 29, 2016, the appellant was rated as not meeting elements two and four of her position description.[2] *Id.* at 163. By letter dated May 19, 2016, the appellant's supervisor issued her a notice of unacceptable job performance and improvement opportunity. *Id.* at 154-57. Under element two, the appellant was found to be deficient in her contact with functional users, which the agency stated was "limited" and that she "engaged only when directed." *Id.* at 155. It also found that the appellant's technical advice to users was minimal and that she was dependent upon others to produce information. *Id.* The agency further noted that the appellant had "no intent to develop or use tools to assist in providing functional users possible course[s] of actions." *Id.* As a result, the appellant's supervisor placed her on a 60-day performance improvement plan (PIP) to provide her an opportunity to raise her performance. *Id.* at 154-57.

¶4    The goals that the appellant was required to achieve to obtain a successful rating for element two—as set forth in the PIP letter—are summarized below:

> (1) engage functional users frequently, provide appropriate responses, develop working relationships, track status on assigned work orders; (2) ensure work is commensurate to pay grade and utilizes [Air Force] guidance's [sic] instructions and provided tracking tools to complete task; (3) engage with assigned customers and provide customer support, plans of action to include establishing reasonable time lines to the customer; (4) ensure time lines are provided to leadership with action plans and properly maintain status of the initiatives assigned. Develop self-imposed timelines; (5) formulate processes to ensure consistent results in documentation and record keeping. Eliminate corrections/rework by first line supervisor; and (6) develop a lessons learned, best practices document in order to respond to users. Utilize the work center

---

[2] The administrative judge only addressed element two because he found that the agency proved inadequate performance on that element and that it was, therefore, unnecessary to analyze element four. IAF, Tab 31, Initial Decision (ID) at 3 n.1. Because we agree with that ultimate conclusion, we also decline to analyze element four.

> templates provided in accomplishing task/suspense's [sic] and coordination.

*Id.* at 155. The letter also informed the appellant that, to the extent possible, feedback will be provided a minimum of once a week during the improvement period and that, if her performance was still rated unacceptable at the end of the PIP period, appropriate action, such as removal from Federal service, may be considered. *Id.* at 156.

¶5 Several months after the PIP's conclusion, the appellant's supervisor determined that her performance continued to be unacceptable, and on December 6, 2016, he issued the appellant a notice of proposed removal for unacceptable performance in the two elements noted as deficient in the PIP. *Id.* at 28-33. Following the appellant's reply to the notice, *id.* at 23-26, the agency issued a decision letter imposing her removal, effective January 12, 2017, *id.* at 20-21.

¶6 The appellant filed this appeal challenging the removal and raising affirmative defenses of equal employment opportunity (EEO) retaliation and discrimination on the bases of race and color. IAF, Tab 1 at 6, Tab 18 at 5. The administrative judge held a hearing, IAF, Tab 26, and issued an initial decision affirming the agency's removal action and denying the appellant's affirmative defenses, IAF, Tab 31, Initial Decision (ID). The administrative judge found that the agency proved all of the elements for taking a performance-based action under 5 U.S.C. chapter 43. ID at 5-13. He further found that the appellant failed to establish by preponderant evidence that the removal action was taken in retaliation for her EEO activity or the result of discrimination based on race or color. ID at 13-18.

¶7 The appellant has filed a petition for review, arguing that the administrative judge erred in finding that the agency proved all of the elements required to

support a chapter 43 action. Petition for Review (PFR) File, Tab 1 at 8-18.[3] The agency has filed a response in opposition.[4] PFR File, Tab 3.

## ANALYSIS

¶8  As noted above, consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos*, 990 F.3d at 1360-63, we are remanding this appeal for further adjudication. In *Santos*, the court held for the first time that, in addition to the elements of a chapter 43 case set forth by the administrative judge and discussed below, an agency also must show that the initiation of a PIP was justified by the appellant's unacceptable performance before the PIP. *Id.* Prior to addressing the remand, however, we address the administrative judge's findings on the elements of a chapter 43 appeal, as they existed at the time of the initial decision, and the appellant's arguments on review.

The agency proved the basis for a chapter 43 performance-based removal under pre-*Santos* law.

¶9  At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence[5] that: (1) OPM approved its performance

---

[3] The appellant's petition for review appears to have been untimely filed. PFR File, Tab 1 at 3. However, as noted in the Clerk of the Board's acknowledgment letter, because the petition was filed in a timely manner from the Central Time Zone, as opposed to the Eastern Time Zone as designated by the e-Appeal Online system, *see* 5 C.F.R. § 1201.14(m)(1), it was timely filed. PFR File, Tab 2.

[4] The appellant does not appear to challenge on review the administrative judge's finding regarding her affirmative defenses. We have reviewed the record, and we discern no error with those findings. In light of the administrative judge's uncontested finding that the appellant did not prove her race, color, or EEO activity were a motivating factor in the agency's removal decision, ID at 13-18, we do not reach the question of whether discrimination or reprisal was a "but for" cause of the removal action. *See Babb v. Wilkie*, 589 U.S. ___, 140 S. Ct. 1168, 1177-78 (2020).

[5] The agency's burden of proof in an action taken under chapter 43 is "substantial evidence," defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). This is a lower burden than preponderant evidence.

appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position at the beginning of the appraisal period; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance. *See Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).

¶10    On review, the appellant argues that the agency failed to meet its burden to prove by substantial evidence that the agency communicated to her the performance standards and critical elements of her position, that the performance standards were valid, that the agency provided her with a reasonable opportunity to improve, and that she remained deficient in at least one critical element. PFR File, Tab 1 at 8-14. She also argued on review that the administrative judge improperly relied solely on her supervisor's testimony to prove unacceptable performance.[6] *Id.* at 16. As explained below, the appellant's arguments do not provide a basis to disturb the administrative judge's findings.

> *The agency proved that it communicated the performance standards and critical elements of the appellant's job description to her.*

¶11    In the initial decision, the administrative judge found it undisputed that the appellant received her performance plan, which identified the critical elements at issue, prior to her placement on the PIP. ID at 6. On review, the appellant vaguely alleges that the agency failed to communicate the performance standards

---

[6] The appellant does not appear to challenge on review the administrative judge's finding that the agency proved OPM approved its performance appraisal system and any significant change thereto. We have reviewed the record, and we discern no error in that finding.

to her.  PFR File, Tab 1 at 12-13.  However, in an order and summary of a telephonic prehearing conference, the administrative judge stated that, during the teleconference, the appellant indicated that she was not challenging whether the standards were properly communicated to her.  IAF, Tab 13 at 2-3.  Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  As to this claim, the appellant has not asserted that it was based on new and material evidence nor has she made such a showing.[7]

*The agency proved that the performance standards were valid.*

¶12         Section 4302(c)(1) requires that performance standards, to the maximum extent feasible, permit the accurate evaluation of job performance on the basis of objective criteria related to the job in question.  *Lee*, 115 M.S.P.R. 533, ¶ 29.  Standards must be reasonable, realistic, attainable, and clearly stated in writing.  *Id.*  Provided these requirements are met, however, the Board will defer to managerial discretion in determining what agency employees must do to perform acceptably in their positions.  *Id.*  In the initial decision, the administrative judge found that the standards outlined by the agency set forth a performance metric that is measurable by frequency, task, and quality.  ID at 7.  The administrative judge noted that the appellant did not dispute these standards, and he, therefore, found that the agency proved by substantial evidence that the performance standards are facially valid.  ID at 7-8.

¶13         On review, the appellant argues that the agency failed to present any evidence that the performance standards were valid and that the administrative judge shifted the burden to the appellant to contest their validity.  PFR File, Tab 1

---

[7]  Additionally, it appears that the appellant signed the performance standards documentation, which certified receipt of the standards.  IAF, Tab 5 at 166.

at 8-9. We disagree. As the administrative judge pointed out, the standards provided to the Board use terms to define the frequency of performance, such as "routinely," "with few exceptions," and "almost always." IAF, Tab 5 at 167-68; ID at 7-8. Regarding the specific tasks to be performed, the standards require that an employee "maintain effective relationships," "accurately evaluate," and provide "effective technical advice, assistance and training." *Id.* We find that these standards set forth a minimum level of performance that an employee must achieve to avoid removal for unacceptable performance. We further find that these standards are reasonable, realistic, and attainable. Accordingly, we find that the agency proved that the performance standards are valid. *See Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶¶ 21-22 (2013).

¶14    Additionally, we find the appellant's argument that the administrative judge shifted the burden to her to prove the invalidity of the standards is without merit. Rather, we find that the administrative judge merely noted that the appellant did not provide any argument or evidence to detract from the agency's evidence or argument that the standards are valid. Accordingly, we agree with the administrative judge that the agency proved this element by substantial evidence.

*The agency proved that it provided the appellant with a reasonable opportunity to improve.*

¶15    In determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time that is sufficient to enable the employee to demonstrate acceptable performance. *Lee*, 115 M.S.P.R. 533, ¶ 32. Here, the administrative judge stated that the PIP lasted for 60 days and that there was no reasoned basis to conclude that this period was inadequate because the appellant had not challenged it. ID at 8. Based on that assessment, the administrative judge found that the agency proved by substantial evidence

that it provided the appellant with a reasonable opportunity to improve. ID at 8-9.

¶16    Although we agree with the administrative judge's ultimate conclusion, we find that his analysis is somewhat sparse and that it requires supplementing. To support the conclusion that the duration of the appellant's PIP was reasonable, we note that the Board previously has found a 60-day PIP sufficient to satisfy the agency's obligation to provide the employee with a reasonable opportunity to demonstrate acceptable performance.[8] *Lee*, 115 M.S.P.R. 533, ¶ 33. Further, the appellant has argued, both below and again on review, that the agency did not inform her of her specific performance deficiencies or what specifically she was required to do to correct those deficiencies. PFR File, Tab 1 at 12-13. However, the record directly contradicts this contention, as the PIP letter explicitly discusses the appellant's deficiencies and provides bullet points of actions the appellant could take to improve those deficiencies. IAF, Tab 5 at 154-57.

¶17    Regardless, even if the appellant genuinely believed that she was unaware of her performance deficiencies or how the agency expected her to improve those deficiencies, the record is clear that her supervisor attempted to meet with, and did meet with, the appellant approximately two times per week to review her understanding of the PIP and to discuss her progress. Hearing Compact Disc (HCD) (testimony of the appellant's supervisor); IAF, Tab 5 at 35-152. The supervisor testified during the hearing that the appellant avoided these meetings, refused to sign or acknowledge documentation produced as a result of the meetings, and occasionally chose not to engage in the assistance he offered. *Id.* His notes regarding these meetings are contained in the record and confirm these

---

[8] On May 25, 2018, President Trump signed an Executive Order (EO) generally requiring PIPs to be 30 days long. Exec. Order No. 13,839, 83 Fed. Reg. 25343, 25344-45 (May 25, 2018). On January 22, 2021, President Biden signed EO 14,003, which, among other things, revoked EO 13,839. Exec. Order No. 14,003, 86 Fed. Reg. 7231 (Jan. 22, 2021). We find that these EOs have no effect on the outcome of this case.

assertions. *Id.* Although the appellant argued to the contrary, claiming that she never received any substantive assistance, HCD (testimony of the appellant); PFR File, Tab 1 at 12-13, the administrative judge did not credit her testimony, and we defer to that finding, ID at 11-13; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at the hearing and that the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

¶18        On the whole, the degree of assistance provided to the appellant was greater than that which the Board has found sufficient to meet the agency's obligation to provide a reasonable opportunity to improve. *See Goodwin v. Department of the Air Force*, 75 M.S.P.R. 204, 208-09 (1997) (finding that the agency afforded the appellant a reasonable opportunity to improve by giving her a detailed PIP letter and written feedback during the PIP and that her supervisor made herself available to provide assistance but that the appellant did not request further assistance).   Therefore, we find that the agency proved by substantial evidence that it provided the appellant with a reasonable opportunity to improve her performance.

> *The agency proved that the appellant's performance was deficient following her completion of the PIP.*

¶19        The appellant also argues that 5 U.S.C. § 4303 requires the agency to include references to "specific instances of unacceptable performance by the employee on which the proposed action is based" and that the agency failed to provide any detailed references to specific deficiencies.   PFR File, Tab 1 at 13-14.   We disagree.   Although the proposal notice discusses some of the appellant's performance deficiencies in a general fashion, IAF, Tab 5 at 28, it goes on to include specific instances of deficiencies with the appellant's performance, *id.* at 30-31.

¶20     For example, the proposal notice discusses specific dates on which the appellant required explicit direction from her supervisor for several of the tasks outlined in the PIP. *Id.* In at least one of those instances, the appellant's supervisor emphasized to her that she still failed to show that she could independently take on work without detailed assistance, which was an item discussed in element two of her performance standards. *Id.* at 31. On another occasion, the appellant's supervisor reminded her that, pursuant to the goals set forth in the PIP, she still did not appear to be self-imposing deadlines to provide other staff with enough time to complete their own work. *Id.* Additionally, the appellant's supervisor testified that, despite the appellant being directed in the PIP letter to "eliminate corrections/rework by first line supervisor," he still needed to verbally identify issues with the appellant's work, print out specific documents, and redline them to discuss the appellant's errors with her. HCD (testimony of the appellant's supervisor). Accordingly, we find the agency provided specific examples of the appellant's performance issues and, therefore, proved by substantial evidence that her performance remained inadequate in at least one of the critical elements of her performance standards.

> *The administrative judge did not err in relying on the testimony of the appellant's supervisor.*

¶21     The appellant also argues on review that the administrative judge improperly relied solely on the testimony of her supervisor to find that the agency proved her performance was unacceptable. PFR File, Tab 1 at 16-18. The Board has held that an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In any event, although the appellant makes arguments on review that challenge her supervisor's testimony, she has not identified any particular evidence that the administrative judge may have overlooked that might affect the outcome of this appeal. *See Panter v.*

*Department of the Air Force*, [22 M.S.P.R. 281](#), 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

Remand is required under *Santos*.

¶22    Although the appellant has identified no basis for us to disturb the administrative judge's findings below, we nonetheless must remand this appeal for another reason.  During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that, in addition to the five elements of the agency's case set forth in the initial decision, the agency also must justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP.  The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, [2022 MSPB 11](#), ¶ 16.  Although the record in this appeal already contains evidence suggesting that the appellant's performance leading up to the PIP was indeed unacceptable, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements.  *See Lee*, [2022 MSPB 11](#), ¶¶ 15-17.  On remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

¶23    The administrative judge shall then issue a new initial decision consistent with *Santos*.  *See id.*  If the agency makes the additional showing required under *Santos* on remand that the appellant's performance in at least one critical element was at an unacceptable level prior to her placement on the PIP, the administrative judge may incorporate his prior findings and the Board's findings here on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision.  *See id.*  Regardless of whether the agency meets its

burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, he should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶24     For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          /s/ for

                                             Jennifer Everling
                                             Acting Clerk of the Board

Washington, D.C.